UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff*,

-v-

URIEL SHAREF, *et al.*,

*Defendants*.

No. 11 Civ. 9073 (SAS)

**ORAL ARGUMENT REQUESTED**

ECF Case

Electronically Filed

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HERBERT STEFFEN'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO FILE WITHIN THE STATUTE OF LIMITATIONS

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Erich T. Schwartz
Amanda R. Grier
1440 New York, Ave., NW
Washington, D.C. 20005
(202) 371-7000

*Counsel for Herbert Steffen*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

BACKGROUND AND FACTS ALLEGED IN THE COMPLAINT .......... 1

ARGUMENT .......... 2

I. THE COURT LACKS PERSONAL JURISDICTION OVER MR. STEFFEN. .......... 2

A. The SEC Failed To Plead Facts to Establish That Mr. Steffen Had Sufficient Minimum Contacts With the Forum to Meet the Constitutional Minimums of Due Process. .......... 3

*1. Mr. Steffen Lacks Minimum Contacts With the Forum.* .......... 3

*2. An Exercise of Personal Jurisdiction Over Mr. Steffen Would Be An Unfair and Unreasonable Exercise of Jurisdiction.* .......... 6

B. The New York Long Arm Statute Does Not Provide a Basis for Jurisdiction. .......... 7

II. THE SEC'S CLAIMS ARE TIME-BARRED BY A STATUTE OF LIMITATIONS. .......... 8

A. The SEC's Claims Were Filed Outside the Five-Year Statute of Limitations. .......... 8

B. The Statute of Limitations is Not Indefinitely Tolled Because a Foreign Defendant Resides Outside the United States and Does Not Own Property in the United States. .......... 10

C. A "Continuing Violations" Theory Has Not Been Accepted in the Second Circuit And Is Not Applicable to Mr. Steffen. .......... 11

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Adams v. Woods*,
6 U.S. (2 Cranch) 336 (1805)....................11

*Asahi Metal Industry Co. v. Superior Court of California*,
480 U.S. 102 (1987)....................6

*In re Comverse Technology, Inc. Securities Litigation*,
543 F. Supp. 2d 134 (E.D.N.Y. 2008)....................11

*De la Fuente v. DCI Telecommunications, Inc.*,
206 F.R.D. 369 (S.D.N.Y. 2002)....................12

*Fox v. Boucher*,
794 F.2d 34 (2d Cir. 1986)....................5

*Hanson v. Denckla*,
357 U.S. 235 (1958)....................3, 5

*Huang v. Sentinel Government Securities*,
657 F. Supp. 485 (S.D.N.Y. 1987)....................5

*IMO Indus. v. Kiekert AG*,
155 F.3d 254 (3d Cir. 1998)....................11

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)....................3, 6

*Johnson v. SEC*,
87 F.3d 484 (D.C. Cir. 1996)....................8, 9, 11

*Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*,
26 F. Supp. 2d 593 (S.D.N.Y. 1998)....................2, 7

*Marine Midland Bank, N.A. v. Miller*,
664 F.2d 899 (2d Cir. 1981)....................2

*Porina v. Marward Shipping Co.*,
521 F.3d 122 (2d Cir. 2008)....................5

*Reynolds Corp. v. National Operator Services, Inc.*,
73 F. Supp. 2d 299 (W.D.N.Y. 1999)....................4, 8

*SEC v. Alexander*,
160 F. Supp. 2d 642 (S.D.N.Y. 2001)....................4

*SEC v. Brown*,
740 F. Supp. 2d 148 (D.D.C. 2010)....................8

*SEC v. Caserta*,
75 F. Supp. 2d 79 (E.D.N.Y. 1999)....................12

*SEC v. Johnson*, No. 03 Civ. 177, 2006 WL 2053379 (S.D.N.Y. Jul. 24, 2006)....................3, 10

*SEC v. Jones*,
476 F. Supp. 2d 374 (S.D.N.Y. 2007)....................8, 9

*SEC v. Jones*,
No. 05 Civ. 7044, 2006 WL 1084276 (S.D.N.Y. Apr. 25, 2006)....................3, 11

*SEC v. Kelly*,
663 F. Supp. 2d 276 (S.D.N.Y. 2009)....................12

*SEC v. Moran*,
922 F.Supp. 867 (S.D.N.Y. 1996)....................9

*SEC v. Savoy Indus.*,
587 F.2d 1149 (D.C. Cir. 1978)....................9

*SEC v. Steadman*,
967 F.2d 636 (D.C. Cir. 1992)....................9

*SEC v. Unifund SAL*,
910 F.2d 1028 (2d Cir. 1990)....................5

*SEC v. Wyly*,
788 F. Supp. 2d 92 (S.D.N.Y. 2011)....................8

*Shaffer v. Heitner*,
433 U.S. 186 (1977)....................4

*Stoll v. Ardizzone*,
No. 07 Civ. 00608, 2007 WL 2982250 (S.D.N.Y. Oct. 9, 2007)....................11

*TAGC Mgmt., LLC v. Lehman*,
No. 10 Civ. 06563, 2011 WL 3796350 (S.D.N.Y. Aug. 26, 2011)....................5

*United States v. Montreal Trust Co.*,
358 F.2d 239 (2d Cir. 1966)....................7

*Van Essche v. Leroy*,
692 F. Supp. 320 (S.D.N.Y. 1988)....................6

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980)....................3, 6

**Statutes and Rules**

28 U.S.C. § 2462.................... *passim*

Fed. R. Civ. P. 4(k)(1)(A)....................7

Fed R. Civ. P. 12....................2

N.Y. C.P.L.R. 301 (McKinney 2010)....................7

N.Y. C.P.L.R. 302 (McKinney 2010)....................7

## INTRODUCTION

Pursuant to this Court's Order of September 28, 2012, and Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), defendant Herbert Steffen respectfully submits this memorandum in support of his motion to dismiss the complaint for lack of personal jurisdiction over him and failure to file within the applicable five-year statute of limitations.[1]

## BACKGROUND AND FACTS ALLEGED IN THE COMPLAINT

Mr. Steffen, 74 years of age, is a German citizen residing in Germany. He is trained as an engineer, and spent his entire career at Siemens Aktiengesellschaft ("Siemens") and its subsidiaries with postings in Germany, Brazil, and Argentina. He was never employed in the United States, and never travelled to the United States on business for Siemens during the entire period alleged in the complaint. The complaint alleges he had managerial positions in Siemens' Argentina business from 1983 through 1989 and again in 1991. Compl.¶ 12. There are no allegations of any improprieties during the period he had such responsibilities. He retired from Siemens nearly ten years ago and has not been employed since.

The complaint alleges that between 2000 and 2003, when Mr. Steffen was Group President of Siemens Transportation Systems in Germany, he was recruited to assist in efforts to recover a contract that the Argentine government planned to terminate. Compl. ¶ 12. It further alleges that in that capacity he engaged in conduct that the SEC contends violated or aided and

---

[1] During a scheduling conference on September 28, 2012, this Court ordered the defendants to submit a motion to dismiss the complaint for lack of personal jurisdiction and failure to file within the statute of limitations by October 12, 2012. The Court extended the deadlines for filing all other Rule 12 motions until after the Court rules on these threshold questions. Pursuant to this ruling, Mr. Steffen reserves his right to move pursuant to Rule 12 for dismissal on other grounds upon the Court's disposition of this motion. The Court also ruled that Mr. Steffen was permitted to reserve extensive briefing for his Reply and the remainder of the 25 allotted pages not used in his opening motion could be added to the Reply.

abetted violations of Sections 13(b)(2), 13(b)(5) and 30A of the Securities Exchange Act of 1934 ("Exchange Act"). Compl. ¶¶ 67-79. The last alleged act attributed to Mr. Steffen in the complaint is alleged to have occurred sometime in "the first half of 2003." Compl. ¶ 51.

The complaint does not allege that Mr. Steffen ever entered the United States. Nor does it allege that he initiated any contact with anyone in the United States. Although it alleges that he participated in "one or more telephone conversations with defendant Sharef" (another Siemens employee), it expressly alleges that Mr. Sharef "called him from the United States." Compl. ¶ 12.

Because the complaint fails to plead facts sufficient to establish personal jurisdiction over Mr. Steffen, and because the SEC's claims are barred because they were not filed within the applicable five-year statute of limitations, we respectfully move to dismiss all the claims against Mr. Steffen pursuant to Fed R. Civ. P. 12.

**ARGUMENT**

**I. THE COURT LACKS PERSONAL JURISDICTION OVER MR. STEFFEN.**

"Upon motion, the Court is obligated to dismiss actions against defendants over whom it has no in personam jurisdiction." *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 26 F. Supp. 2d 593, 597 (S.D.N.Y. 1998) (citing Fed. R. Civ. P. 12(b)(2)). "A plaintiff bears the ultimate burden of showing by a preponderance of the evidence that jurisdiction over a defendant is proper." *Id.* (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)). The SEC has wholly failed to carry its burden. The complaint fails to allege any facts that satisfy either the constitutional requirements of due process or New York's long-arm statute.

**A. The SEC Failed To Plead Facts to Establish That Mr. Steffen Had Sufficient Minimum Contacts With the Forum to Meet the Constitutional Minimums of Due Process.**

Constitutional due process requires that a foreign defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). To establish sufficient minimum contacts with the forum, the SEC must plead that Mr. Steffen engaged in "acts by which [he] purposefully availed [himself] of the privilege of conducting activities within the forum, 'thus invoking the benefits and protections of its laws.'" *Huang v. Sentinel Gov't Sec.*, 657 F. Supp. 485, 490 (S.D.N.Y. 1987) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The SEC must also allege contacts with the forum. If sufficient minimum contacts have been found, such that the defendant "should reasonably anticipate being haled into court there[,]" courts must then consider whether the exercise of jurisdiction would be "fair" and "reasonable." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 295 (1980). Neither test is met here.

*1. Mr. Steffen Lacks Minimum Contacts With the Forum.*

The complaint fails to allege that Mr. Steffen had minimum contacts with the United States. On the contrary, from the face of the complaint it is evident that he had virtually no contact with the United States. Mr. Steffen is a German citizen, residing in Germany. Compl. ¶ 12. He has never been employed in the United States or traveled there during the entire period alleged in the complaint. All conduct attributed to Mr. Steffen in the complaint occurred outside the United States. The complaint's only mention of the United States with respect to Mr. Steffen is (i) his status as an officer of a foreign company that, in 2001, registered certain securities pursuant to the Exchange Act, which then traded on the New York Stock Exchange ("NYSE") and (ii) Mr. Steffen's receipt of "one or more" telephone calls from the defendant Sharef, who

allegedly "called him from the United States." Compl. ¶¶ 12, 17. These two isolated and remote connections to the United States do not satisfy the requirement that Mr. Steffen "purposefully availed" himself of the privilege of conducting business in the forum so as to satisfy the minimum contacts required by the Constitution.

Mr. Steffen's employment with Siemens provides no basis to assert the constitutionally required minimum contacts with the forum. The Supreme Court has held that personal jurisdiction must be based on the defendant's own contacts with the forum, and that the existence of personal jurisdiction over a corporation does not convey jurisdiction over the corporation's officers or employees. *See Shaffer v. Heitner*, 433 U.S. 186, 213-16 (1977). The plaintiff must establish sufficient personal contacts by each individual defendant to maintain jurisdiction over them individually. *Reynolds Corp. v. Nat'l Operator Servs., Inc.*, 73 F. Supp. 2d 299, 303 (W.D.N.Y. 1999) ("[J]ust because the corporation is subject to jurisdiction does not, *ipso facto*, subject every corporate officer to personal jurisdiction. Something more is required."). The fact that Siemens is alleged to have made a corporate decision in 2001, decades after Mr. Steffen accepted employment and less than two years before he retired, to register securities with the SEC pursuant to the Exchange Act does nothing to establish that Mr. Steffen "personally availed" himself of the privileges of conducting activities within the forum. First, there is no allegation that he had any role in that decision. Second, such registration does not in any event support an inference that the extraterritorial activity Mr. Steffen is alleged to have engaged in would foreseeably cause injury in the forum. *See SEC v. Alexander*, 160 F. Supp. 2d 642, 657 (S.D.N.Y. 2001) (dismissing insider trading claims against a foreign defendant for lack of personal jurisdiction because it was unlikely that the defendant's "acts presented 'unmistakably foreseeable effect[s] within the United States' that could 'reasonably be expected to be visited

upon United States shareholders." (quoting *SEC v. Unifund SAL*, 910 F.2d 1028, 1033 (2d Cir. 1990)). Indeed, there is no clear connection between the conduct alleged and *any* injury in the forum because the complaint does not allege that the conduct at issue resulted in violations of either the antifraud provisions or the periodic filing provisions (pursuant to which corporate information is provided, and upon which investors transacting in the forum might have relied) of the Exchange Act. Moreover, the allegation that Mr. Steffen answered one or more telephone calls allegedly placed from the United States also fails to establish minimum contacts sufficient to confer personal jurisdiction over Mr. Steffen. As an initial matter, it is well-settled that the "unilateral activities of third parties"—here, Mr. Sharef, who allegedly "called [Mr. Steffen] from the United States," Compl. ¶ 12—"cannot, in themselves, satisfy the requirement of contact with the forum." *Porina v. Marward Shipping Co.*, 521 F.3d 122, 128 (2d Cir. 2008) (citing *Hanson*, 357 U.S. at 253). But even if they could, the alleged contact is insufficient to subject Mr. Steffen to this Court's jurisdiction since such minimal communication between a defendant and individuals in a forum does not demonstrate that the defendant purposefully availed himself of that forum. *See, e.g.*, *TAGC Mgmt., LLC v. Lehman*, No. 10 Civ. 06563, 2011 WL 3796350, at *6-7 (S.D.N.Y. Aug. 26, 2011) (defendant's two communications to plaintiffs in the United States was insufficient to satisfy minimum contacts); *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 260, n.3 (3d Cir. 1998) (The fact that, *inter alia*, "[defendant's] officials in Germany and [plaintiff's] officials in New Jersey spoke twice by telephone" was "insufficient to demonstrate, even at a minimal level, that [defendant] ha[d] purposefully directed its activities toward the forum or ha[d] purposefully availed itself of the privilege of conducting its activities within the forum"). "It would offend 'minimum contacts' due process principles" to force a defendant to litigate in a foreign forum "on the basis of one telephone call." *Fox v. Boucher*, 794 F.2d 34, 37

(2d Cir. 1986) (citing *Int'l Shoe*, 326 U.S. at 316-17); *see also Van Essche v. Leroy*, 692 F. Supp. 320, 324, 326 (S.D.N.Y. 1988) ("the transmission of a communication, from outside of New York into New York, by mail or telephone" failed to satisfy due process principles enunciated in *International Shoe*).

*2. An Exercise of Personal Jurisdiction Over Mr. Steffen Would Be An Unfair and Unreasonable Exercise of Jurisdiction.*

Assuming the SEC could show sufficient minimum contacts with the forum, which it cannot, it must also demonstrate that it is "fair" and "reasonable" to subject Mr. Steffen to suit in the United States. *See World-Wide Volkswagen Corp.*, 444 U.S. at 292. In making this determination, courts consider the following factors (i) the burden on the defendant, (ii) the forum's interest in adjudicating the dispute, (iii) the plaintiff's interest in obtaining convenient and effective relief, (iv) judicial economy, and (v) the interest in furthering the forum's social policies. *Id.*

Here, the burden on Mr. Steffen in having to defend this litigation in New York would be substantial. *See Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 114 (1987) (finding that an exercise of personal jurisdiction would be "unreasonable" and "unfair" because it would require a Japanese company to travel to California and submit its dispute to a foreign nation's judicial system, and observing that, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders"). Mr. Steffen is an elderly retiree with very limited English language skills and limited resources. Although he has obtained counsel in order to argue this motion, defending himself on the merits against the SEC in the United States would be enormously burdensome, expensive, and unfair,

particularly given the substantial resources that the government has expended in investigating and prosecuting the Siemens matter.

The other factors do not support a contrary result. The interests of the forum in adjudicating the facts of Mr. Steffen's involvement in this matter are minimal. All of the conduct attributed to Mr. Steffen in the complaint occurred outside the United States. The SEC and the Department of Justice have each already obtained comprehensive remedies against Siemens, addressing both civilly and criminally the government's interest in remedying and punishing the conduct of the SEC registrant at issue here. The additional governmental interest in policing the alleged extraterritorial activities of an individual employee of that foreign corporation is modest. That is particularly true since both Germany and Argentina, jurisdictions with a greater intrinsic interest in alleged conduct that may have occurred within their borders and affected their governmental processes, have taken or are taking action to vindicate their own interests.

**B. The New York Long Arm Statute Does Not Provide a Basis for Jurisdiction.**

When deciding whether personal jurisdiction exists over a defendant, federal courts may look to the law of the state in which the court sits, so long as the exercise of jurisdiction comports with constitutional due process. *See Laborers Local 17 Health & Benefit Fund,* 26 F. Supp. 2d at 598 (S.D.N.Y. 1998); *see also United States v. Montreal Trust Co.*, 358 F.2d 239, 240 (2d Cir. 1966) ("[A] federal court can assert jurisdiction over a non-resident defendant under the long-arm statute of the state in which it sits, provided that doing so comports with due process"); Fed. R. Civ. P. 4(k)(1)(A) (providing that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"). Here, the Court sits in New York, therefore the Court may look to New York law regarding jurisdiction. In New York, C.P.L.R. 301 and 302 determine whether personal jurisdiction exists. *See N.Y. C.P.L.R.*

301-302 (McKinney 2010)*; see also Reynolds Corp.*, 73 F. Supp. 2d at 302-03. The SEC has pled no facts that would provide a basis for jurisdiction under Rule 301 (which preserves the exercise of personal jurisdiction that "might have been exercised heretofore") or Rule 302 (New York's long-arm statute).

**II. THE SEC'S CLAIMS ARE TIME-BARRED BY A STATUTE OF LIMITATIONS.**

**A. The SEC's Claims Were Filed Outside the Five-Year Statute of Limitations.**

Because the relevant provisions of the Exchange Act contain no statute of limitations, the catch-all five-year limitations period of 28 U.S.C. § 2462 applies "for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise." 28 U.S.C. § 2462. Under § 2462 the SEC's claims are time-barred because it has not alleged any conduct attributable to Mr. Steffen that occurred within five years prior to filing the complaint.

Section 2462 indisputably applies to the SEC's claims for civil monetary penalties. *See SEC v. Jones*, 476 F. Supp. 2d 374, 381 (S.D.N.Y. 2007) (holding that "[t]he SEC's claim for civil monetary penalties against Defendants is unquestionably a penalty and, as such, is subject to the five-year limitations period of § 2462"); *see also Johnson v. SEC*, 87 F.3d 484, 486, 492 (D.C. Cir. 1996) (barring the SEC's claim for a civil monetary penalty because the five-year period set forth in § 2462 had expired); *SEC v. Wyly*, 788 F. Supp. 2d 92, 102 (S.D.N.Y. 2011) (§ 2462 "governs punitive relief sought by the SEC" under the Exchange Act); *SEC v. Brown*, 740 F. Supp. 2d 148, 157-58 (D.D.C. 2010) (noting no dispute between the parties regarding the application to civil money penalties).

It also bars the other remedies sought by the SEC which, although nominally equitable, can only be sought on the facts alleged here to punish the defendant, and are therefore also subject to § 2462. *See, e.g.*, *Jones*, 476 F. Supp. 2d at 380-81 (holding that § 2462 applied to the SEC's claims for civil money penalties and a permanent injunction prohibiting future violations

because they were "penalties"); *Johnson*, 87 F.3d at 488 (applying § 2642 to the SEC's administrative sanctions of a censure and disciplinary suspension because the statute applies whenever the remedy sought is "a form of punishment imposed by the government for unlawful or proscribed conduct, which goes beyond remedying the damage caused to the harmed parties by the defendant's action"). "[W]hether the Commission's action for a permanent injunction is subject to the five-year limitations period in § 2462 depends on whether the injunction is a penalty or a remedial measure." *Jones*, 476 F. Fupp. 2d at 383, 385 (dismissing as untimely the SEC's request for a statutory injunction because it could "only be characterized as a penalty" and was, therefore, subject to § 2462's five-year statute of limitations). The complaint alleges no facts to support a disgorgement claim against Mr. Steffen, but that claim would be barred on the same grounds. *See Johnson*, 87 F.3d at 491, n.10 (noting that the SEC has accepted that disgorgement orders may "have a deterrent purpose and thus *are* a 'fine, penalty, or forfeiture'") (citation omitted).

That the injunction sought here is not remedial but simply intended to punish alleged past conduct with the brand of an injunction is evident from a comparison of the showing required to obtain an equitable order of injunction in an SEC case to the facts alleged in this complaint. The "drastic remedy" of an injunction requires proof of a "reasonable likelihood of securities law violations in the future." *SEC v. Savoy Indus.*, 587 F.2d 1149, 1168 (D.C. Cir. 1978). Even where a defendant is actively engaged in business as a securities professional, and has a history of past violations, both of which are absent in Mr. Steffen's case, an injunction is not available if there is not a sufficient basis from which to conclude that the defendant will violate the securities laws in the future. *SEC v. Steadman*, 967 F.2d 636 (D.C. Cir. 1992); *see also SEC v. Moran*,

922 F.Supp. 867, 896-97 (S.D.N.Y. 1996) (applying *Steadman*); *SEC v. Johnson*, No. 03 Civ. 177, 2006 WL 2053379, *5 (S.D.N.Y. Jul. 24, 2006) (citing *Steadman* with approval).

The SEC's request for injunctive relief can only be punitive here since the SEC's complaint alleges no facts that would support an equitable injunction. Nor could it, since Mr. Steffen is an elderly retiree who not only has no history of violations, but has had no involvement with any public company for nearly ten years, and has no reasonable possibility of such involvement in the future. Accordingly, the statute of limitations provision of § 2642 bars each and every claim brought by the SEC against Mr. Steffen.

**B. The Statute of Limitations is Not Indefinitely Tolled Because a Foreign Defendant Resides Outside the United States and Does Not Own Property in the United States.**

At the September 28, 2012 scheduling conference before this Court, the SEC expressed the view that the applicable statute of limitations was tolled indefinitely because Mr. Steffen is a foreign defendant who has not been in the United States and does not own property in the United States. The SEC's rationale for this novel argument was language in a sixty-year-old statute that neither expressly mentions tolling the statute of limitations nor has been held by any court to support the interpretation offered by the SEC.[2]

The interpretation advanced by the SEC is particularly nonsensical, given the relative ease with which service of process can be effected on foreign defendants residing abroad. Moreover, the proposed interpretation—which as a practical matter would extend indefinitely the statute of limitation as to those individuals with the least connection to the United States—disregards, with no indication from Congress, the strong judicial policy favoring statute of

[2] Section 2462 provides that civil suits "shall not be entertained" if filed outside the five-year period "if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon."

limitations. *See Johnson*, 87 F.3d at 492 ("'In a country where not even treason can be prosecuted, after a lapse of three years, it would scarcely be supposed, that an individual would remain forever liable to a pecuniary forfeiture.'") (quoting *Adams v. Woods*, 6 U.S. (2 Cranch) 336, 342 (1805)). Because the SEC cannot overcome its lack of diligence in pursuing its claims within the five-year statute of limitations, its claims against Mr. Steffen should be dismissed.

**C. A "Continuing Violations" Theory Has Not Been Accepted in the Second Circuit And Is Not Applicable to Mr. Steffen.**

At the September 28, 2012 conference, the SEC also suggested its complaint might survive a statute of limitations challenge because it alleged that the last violative payment was made in January 2007, less than five years before the complaint was filed, and the offenses charged are part of an "ongoing scheme." The SEC is wrong. It cannot resurrect its time-barred claim against Mr. Steffen by asserting that one or more other individuals engaged in violative acts some four years after the last act alleged by Mr. Steffen, indeed some four years after Mr. Steffen retired from Siemens and ceased to have any involvement with it.

The "continuing violations" theory as a means to overcome a statute of limitations bar for alleged securities violations has not been adopted in the Second Circuit. Most courts in this circuit that have considered the continuing violations theory have been skeptical of its application to securities violations, refusing to adopt the theory or apply it. *In re Comverse Tech., Inc. Sec. Litig.*, 543 F. Supp. 2d 134, 155 (E.D.N.Y. 2008) (noting that "[t]he weight of authority in this circuit is skeptical of the application of the continuing violations doctrine in securities fraud cases" but deferring the issue until the facts could be further developed); *see, e.g., Stoll v. Ardizzone,* No. 07 Civ. 00608, 2007 WL 2982250, at *2 (S.D.N.Y. Oct. 9, 2007) ("[T]here is no 'continuing violations' exception to the absolute bar of the statutory limitations period."); *SEC v. Jones,* 2006 WL 1084276 (refusing to apply the continuing violations theory to overcome the

SEC's failure to file a complaint alleging securities violations within the five year statute of limitations and noting that "courts in [the Second Circuit] have questioned the applicability of the continuing violation doctrine to securities fraud actions"); *De la Fuente v. DCI Telecomm, Inc.,* 206 F.R.D. 369, 385 (S.D.N.Y. 2002) ("It is not at all clear that the continuing fraud doctrine applies in securities fraud cases."); *SEC v. Caserta,* 75 F. Supp. 2d 79, 89 (E.D.N.Y. 1999)(same). In the rare case where it has been applied, the facts are entirely distinct from the allegations here. *See S.E.C. v. Kelly*, 663 F. Supp. 2d 276, 287-88 (S.D.N.Y. 2009) (finding that the SEC had properly pled "a continuous, integrated scheme that [was] operated by the same group of people" and therefore the statute of limitations period began on the date of the last affirmative misstatement). Here, Mr. Steffen unquestionably ceased to be involved in any way in the alleged conduct more than eight years before the complaint was filed. At that point, at the latest, the alleged misconduct ceased to be a "continuous, integrated scheme," at least insofar as his involvement is concerned.

**CONCLUSION**

For the foregoing reasons, Mr. Steffen respectfully requests that all of the SEC's claims against him be dismissed for lack of personal jurisdiction and failure to file within the statute of limitations.

Dated: October 12, 2012

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

s/ Erich T. Schwartz
Erich T. Schwartz
Amanda R. Grier
1440 New York Avenue, NW
Washington, DC 20005-2111
Erich.Schwartz@skadden.com
Amanda.Grier@skadden.com
(202) 371-7000
*Counsel for Herbert Steffen*